Filed 7/31/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LUKE POLLOCK,<br><br>   Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>   Respondent;<br><br>PETER SCHUSTER,<br><br>   Real party in Interest. | B321229<br><br>(Los Angeles County Super. Ct. No. 20STCV18357) |

   ORIGINAL PROCEEDINGS in mandate.  Barbara M. Scheper, Judge.  Petition granted.

   Morgan E. Ricketts for Petitioner.

   No appearance for Respondent.

   Prindle, Goetz, Barnes & Reinholtz, Jack R. Reinholtz, Cynthia A. Palin, Doria G. Thomas for Real Party in Interest.

———————————————

Plaintiff and petitioner Luke Pollock sued directors and staff of a structured sober living facility, including real party in interest Peter Schuster, for dependent adult abuse. The trial court found Pollock failed to comply with Code of Civil Procedure section 2031.210 because his statement of compliance in response to Schuster's document requests failed to identify which documents would relate to which specific requests.[1] The court imposed sanctions against Pollock and his attorney, Morgan E. Ricketts, in the amount of $910 for misusing the discovery process.

Pollock filed the instant petition for a writ of mandate directing the court to reverse the sanctions order. He argues that a statement of compliance in response to a production demand need not identify which document pertains to which request; such identification need only occur when the documents are produced.

We agree. Based on the plain language of section 2031.210, a statement of compliance need not identify the specific request to which each document will pertain. Because Pollock substantially complied with his discovery responsibilities in this regard, the court's imposition of sanctions was an abuse of discretion.

Accordingly, we grant the petition.

## BACKGROUND

### A. Complaint

Pollock is a former resident of Millennium House, a structured sober living facility for men who are mentally ill or disabled or both, suffer from addictions, and are not competent to

---

[1] Undesignated statutory references will be to the Code of Civil Procedure.

2

find their own housing. Millennium House is a "lockdown" facility, meaning residents are not permitted to come and go or communicate freely. Many residents have been court-ordered to stay at the facility.

Schuster is the sole director of Millennium House.

Pollock and others sued Millennium House and several of its directors, staff, and service providers in a nine-count complaint alleging elder or dependent adult abuse, breach of the warranty of habitability, violation of Civil Code section 1942.4 (housing standards), violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1), unfair business practices, common negligence, negligence under Welfare and Institutions Code section 15630, subdivision (a) (mandated reporting requirements), nuisance, and intentional infliction of emotional distress.

Pollock alleged that Millennium House staff subjected residents to abusive conduct, including confiscating their food stamps and general relief payments, and the few Millennium House residents who were physically and mentally capable of performing work were forced into involuntary servitude by being required to assist at yard sales and work at a food pantry in exchange for donated food that feeds the rest of the residents, and to prepare three meals a day for up to 50 residents.

## B. Discovery

### 1. Distinction Between a Response and a Production

For clarity, we wish to maintain the distinction between a formal response to a production demand—i.e., a statement of compliance, representation of inability to comply, or assertion of

3

any objections—and the production itself.[2]  Section 2031.210 prescribes the nature and format of the response.  Section 2031.250 requires that a response be verified unless it contains only objections.  Section 2031.280 prescribes the form in which items must be produced.  As newly amended, it requires that a document be identified with the specific request number to which it pertains, as opposed to the prior requirement that documents need only be produced as they were kept in the usual course of business.  (§ 2031.280, subd. (a).)

There is no cross-requirement that a response correlate specific documents and requests or that a production be verified.

### 2. Pollock's Anticipatory Productions

On February 15, 2021, in the absence of any discovery request, Ricketts, plaintiffs' counsel, sent a Dropbox link by email to all defense counsel who had then appeared.  The Dropbox contained 47 audio files and 133 pictures.  Neither the email nor the contents of the Dropbox identified or formally responded to any discovery request (there had been none), and there was no verification or proof of service.

---

[2] The parties, trial court and Code of Civil Procedure use the word "response" to mean seven different things:  A verified document in reply to a production demand, an answer within that document to a specific request (e.g., a compliance statement), the production of a requested document (as in "the response was Bates labeled"), the adverbial reason for the production (i.e., "in response" to a demand), an adjective ("responsive document"), a reply to a letter, and a retort to an argument.  In this opinion "response" means either a document in answer to a production demand or a specific answer within that document.

4

On June 23 and July 6, 2021, Ricketts sent emails to all defense counsel with second and third Dropbox links to documents Bates labeled, for example, Plaintiffs 1-765, MB 1-556, AC 1-61, LP 1-331, MS 1-101, and RS 1-123.[3] Neither the emails nor the contents of the Dropbox identified or formally responded to any discovery request, and there was no verification or proof of service.

Ricketts would later email three more Dropbox links to the defendants.

### 3. Schuster's Production Demand and Pollock's Responses

#### a. Production Demand

On March 4, 2021, approximately two weeks after receiving plaintiffs' first Dropbox link, Schuster served his first request for production of documents (RFP) on Pollock.

Pollock failed to respond either to the request or to Schuster's meet and confer letter, and on June 18, 2021, Schuster filed a motion to compel a response, with a hearing set for July 19, 2021.

This motion would not be heard until 2022, *post*.

#### b. Responses

On July 6, 2021, Pollock served verified responses to Schuster's requests for production. The responses identified the responding and demanding parties and set number, and responded separately and in sequence to each request.

---

[3] The Bates numbers corresponded with the initials of the plaintiffs on whose behalf the documents were produced: Michael Bankuthy, Abraham Cheng, Luke Pollock, Michael Salazar, and Ryan Stegan.

At issue are his responses to Requests 7-8, 13-14, and 16-18.

Requests 7 and 8 sought photographs and video and audio recordings Pollock recorded while a resident of Millennium House. Request 14 sought court records, pleadings, correspondence, and other documents concerning the criminal action that led to Pollock's residency at the sober living facility. Request 18 sought documents evidencing damages Pollock sought from Schuster.

To these requests, Pollock responded, "Responding Party has already produced all responsive documents."

Request 13 sought "court authored pleadings, correspondence, instructions or other documents" regarding Pollock's residency at Millennium House.

Pollock responded that such documents exist and were in the possession of the superior court and/or his public defender, and if he had any such documents, "they have all been produced."

Requests 16 and 17 sought medical and mental health records concerning damages Pollock attributed to Schuster.

Pollock responded that he "has already produced all responsive documents in his possession, custody or control," and additional documents were kept by treating physicians and facilities, which Pollock listed.

Pollock identified none of the documents he had already produced and asserted no objections.

Pollock never supplemented this response.

### c. Meet and Confer Correspondence

On July 21, 2021, Schuster informed Ricketts that Pollock's responses to Requests 7-8, 13-14 and 16-18 were deficient to the extent they relied on the anticipatory productions because "none

of the documents produced" complied with section 2031.280 by matching specific documents with specific requests. Schuster stated that "responses and documents produced need to be specifically identified as to which request number they respond."

Ricketts offered to "identify which defendants and plaintiffs appear in each audio/video file, and which claims each file pertained to." She said, "Let me know if that sounds like a reasonable alternative."

On September 22, 2021, the trial court held an informal discovery conference. Schuster represented in opposition to Pollock's writ petition that the court explained to Ricketts that a blanket statement that all documents had been produced would not suffice where nothing linked any specific document to any specific defendant. Nothing in the record supports Schuster's representation, and Ricketts disputes it.

### 4. Pollock's Guide to Production

On January 15, 2022, Ricketts emailed a 46-page table that in two columns identified, by Bates number, which produced documents applied to which of Schuster's requests. Ricketts asked Schuster's counsel, "Please let me know if this will resolve our discovery dispute as to the RFPs; I hope that we can work together to resolve this to your satisfaction."

The table listed the Bates number in the first column and the corresponding production request number in the second column.

For example, the table listed "P000004" in the first column and "Schuster 8 (LP)" and "Schuster 13 (all plaintiffs, but primarily Abraham Cheng)" in the second, meaning plaintiffs' document No. 4 corresponded with Schuster's Request No. 8

propounded on Luke Pollock and Request No. 13 propounded on all plaintiffs, with particular relevance to Cheng.

The table also broke down Pollock's individual document productions. For example: "LP000001-LP000028" in the first column and "Schuster 15, 16 (LP)" in the second meant that Luke Pollock's documents 1 to 28 corresponded with Schuster's Requests 15 and 16 propounded on Pollock.

On March 28, 2022, Schuster informed Ricketts that section 2031.280 requires that a response to a production request "must identify the documents responsive to the request and the response must be verified. . . . The 46 page reference guide . . . does not relieve Plaintiffs of the obligation to provide code compliant responses to Schuster's Request for Production."

## C.    Motion to Compel

As noted above, on June 18, 2021, half a year before receiving Ricketts's reference guide, Schuster filed a motion to compel further responses to his Requests 7-8, 13-14, and 16-18, and sought sanctions. The motion was heard nearly a year later, on April 27, 2022.

In opposition to the motion, Ricketts argued that her 46-page guide to the Dropbox productions "provided labels to categorize every single document and file produced according to which plaintiff was identifying each document as responsive to which of Schuster's RFPs . . . . [¶] Schuster has never been clear in what he wants Plaintiffs to do now." Ricketts argued that a document production need not be verified and a response to a production demand need not match documents with requests. Only the production itself must match documents with requests, which Pollock did.

8

Ricketts argued Pollock's production was "thoughtful and organized, arranged by filetype (audio from P1 - P49; photographs of the property from P50 - P149; videos from P150 - P159; photographs of multi-page contemporaneous letters, carefully organized in both date and page order from P160 - P224). Later, Department of Public Health records and HCID-LA records related to property inspections were produced from P301 - P588 and P589 - P715, respectively."

Ricketts asserted that she spent "over a dozen hours" preparing the table to address Schuster's request that the production be corresponded to each of his document requests. She further noted that her initial production "was organized to correspond with categories, just not those contained in Schuster's demand, because his was not the demand in response to which the documents were produced."

In reply, Shuster argued that Ricketts's reference guide failed to cure the deficiency of Pollock's "responses." He argued that a "response must identify the documents responsive to the request and the response must be verified," but "[n]o documents were identified in Plaintiff's response."

**D.      Ruling**

At the hearing, Ricketts argued that a response to a document demand need not state which documents correspond with which requests. The court disagreed, finding Pollock failed adequately to respond to Shuster's requests for production because "there's no verified response" indicating which documents correlated with which requests.

On April 27, 2022, the court ordered Pollock "to provide written, verified, and complete responses to Defendant's Request for Production of Documents, Set One, Numbers 7, 8, 13, 14, 16,

9

17 and 18 without objections." The court further imposed sanctions on Pollock and Ricketts in the amount of $910.00.

**E.    Petition**

Pollock petitioned for a writ of mandate directing the court to reverse the sanctions order.  Schuster opposed the petition but apparently abandoned (by silence) his position that a response to a document request must identify the documents applicable to each request.

On December 12, 2022, we issued an alternative writ directing the trial court to vacate that part of its order imposing monetary sanctions on Pollock and Ricketts and issue a new order denying Schuster's request for sanctions.[4]  The superior court declined to change its April 27, 2022 ruling.

On January 11, 2023, we issued an order to show cause why a peremptory writ should not be issued ordering the trial court to vacate that part of the April 27, 2022 order imposing monetary sanctions on Pollock and Ricketts and issue a new order denying Schuster's request for sanctions.  We invited a written return in opposition to the writ, but neither Schuster nor Respondent accepted the invitation.

## DISCUSSION

Pollock contends the superior court abused its discretion by awarding monetary sanctions upon granting Schuster's motion to compel the production of documents, because section 2031.210 does not require that responses to a request for production

---

[4]  Petitioners further petitioned for a writ directing the trial court to reverse an order imposing sanctions on Salazar.  We issued no alternative writ as to that part of the petition, and hereby summarily deny the petition insofar as it pertains to Salazar.

include a description of which documents apply to which requests.  We agree.

## A.     Legal Principles

### 1.     Writ Review of a Sanctions Order

Sanction orders of five thousand dollars or less against a party or an attorney may be reviewed upon petition for an extraordinary writ.  (§ 904.1, subd. (b).)

### 2.     Discovery Requirements

A party to litigation may obtain discovery by inspecting and copying documents and tangible things in the possession, custody, or control of any other party to the action.  (§ 2031.010, subd. (a).)

A party to whom a document demand has been directed "shall respond separately to each item or category of item by any of the following:  [¶]  (1)  A statement that the party will comply with the particular demand . . . .  [¶]  (2)  A representation that the party lacks the ability to comply with the demand . . . .  [¶] [or]  (3)  An objection to the particular demand . . . ."  (§ 2031.210, subd. (a).)

The first paragraph of the response must identify the responding party, the set number, and the identity of the demanding party.  (§ 2031.210, subd. (b).)

"Each statement of compliance, each representation, and each objection in the response shall bear the same number and be in the same sequence as the corresponding item or category in the demand . . . ."  (§ 2031.210, subd. (c).)

The responding party's response to a production demand must be verified unless it contains only objections.  (§ 2031.250.)

Section 2031.280 prescribes the form in which items must be produced.  As recently amended, it requires that a document

11

"be identified with the specific request number to which the documents respond." (*Id*. at subd. (a).) This replaces the prior requirement that documents "either be produced as they are kept in the usual course of business, or be organized and labeled to correspond with the categories in the demand." (Former § 2031.280, subd. (a).)

There is no requirement that a response identify a document with the specific request to which the document applies.

There is no requirement that a document production be verified, nor that documents be Bates labeled.

### 3. Sanctions Requirements

A party or attorney may be sanctioned for misusing the discovery process. (§ 2023.030.)

Misuse of the discovery process includes, as pertinent here, "[u]sing a discovery method in a manner that does not comply with its specified procedures" (§ 2023.010, subd. (b)) and unsuccessfully opposing a motion to compel without substantial justification (*id*. at subd. (h)).

To avoid sanctions, an unsuccessful opponent to a motion to compel may show "substantial justification" for his or her position—i.e., a rational basis to conclude that the party's failure to fulfill its discovery obligations was justified. (*Foothill Properties v. Lyon/Copley Corona Assocs.* (1996) 46 Cal.App.4th 1542, 1557 (*Foothill Properties*).) Substantial justification is justification that is "clearly reasonable because it is well-grounded in both law and fact." (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1434.)

We review the propriety of a discovery sanctions award for an abuse of discretion. (*Foothill Properties*, *supra*, 46

12

Cal.App.4th at p. 1557.)  We will overturn a sanctions award if it is at odds with " ' "legal principles and policies appropriate to the particular matter at issue." ' "  (*Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 115.)

## B.    Application

Pollock did not misuse the discovery process.  His verified July 6, 2021 response to Schuster's document requests identified the demanding and responding parties and set number and responded separately and in sequence to each request by making a statement of compliance or representing an inability to comply.

Although Pollock's anticipatory Dropbox links failed to comply with the requirement of section 2031.280 that documents be identified with the specific request to which they apply, that was understandable in the beginning because there were no such requests.  Once the production was complete (after six emails containing Dropbox links), Ricketts reasonably cured any defect by providing a 46-page table that listed by Bates number which documents applied to which requests.

Pollock's initial compliance with his obligations in responding to Schuster's document requests, and Ricketts's later remediation of the production's defects, gave Pollock substantial justification to oppose Schuster's motion to compel.

Therefore, the imposition of sanctions, which was grounded on the trial court's apparent misunderstanding as to how specific a response to a document demand needs to be, constituted an abuse of discretion.

## DISPOSITION

The petition for writ of mandate is granted.  Respondent is directed to vacate its sanctions order as to the Pollock discovery and enter a new order denying real party's request for sanctions.

CERTIFIED FOR PUBLICATION


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

14